[Crim. No. 1895.   Fourth Dist.   Dec. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HERSHEL PERKINS, Defendant and Appellant.

Hershel Perkins, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald) J.—Defendant appeals from a judgment entered upon a jury verdict finding him guilty of burglary in the second degree. Two prior burglaries charged in the information were admitted.

Donald Spain testified that he and defendant went to the Balboa Golf Club on the night of August 30, 1962. Spain entered the clubhouse through a window. Either he or defendant broke the glass door in the manager's office. Spain took some golf clubs and a pair of binoculars from the office, hiding the clubs in the bushes. Either he or defendant broke a window at the starter's booth with a chair and Spain took another pair of binoculars and the starter's blank pistol from this area. The clubhouse was ransacked and the padlock broken off a cabinet door. That same evening a police officer saw defendant in the company of Spain and another. While the officer was parking his police car in order to talk to the men, defendant disappeared between some buildings.

A Johnny Williamson testified that about 2 a.m. on the morning following the burglary he was awakened by defendant and Spain. Defendant asked him to keep two pairs of binoculars and gave them to him. Spain asked Williamson to keep a blank cartridge pistol for them. Spain reclaimed the gun the next night.

Defendant's sister testified that she visited defendant in jail about a week after the burglary; he was being held in connection with traffic tickets; he directed her to ask Otis Campbell to pick up some things at the home of Johnny Williamson's brother; Campbell delivered two sets of binoculars to her; Williamson had given two sets of binoculars to Otis Campbell.

Fingerprints of Spain were found inside the clubhouse, and a latent print found on the chair used to smash the window in the starter's booth was identified as being of the left index finger of defendant.

Defendant neither testified nor called witnesses in his behalf.

■■ ■■ Defendant contends upon appeal that he was denied a fair trial in that (1) his appointed attorney insisted upon a jury trial, whereas he desired a court trial and so indicated to the court; (2) his counsel coerced the plaintiff's witness and defendant's accomplice, Donald Spain, into telling a false story which was discredited upon cross-examination and thus prejudiced his case before the jury; (3) his attorney refused him the right to call witnesses in his behalf

and to testify himself; (4) his counsel was lax in cross-examination, for example, made no objection to Spain's being allowed to refresh his recollection by looking at his written confession; (5) the defendant observed detectives, who were plaintiff's witnesses, whispering to a juror while making references to a report used by them during their testimony; and (6) the prosecutor committed prejudicial error in argument in referring to the defendant as being "free, white and twenty-one." Defendant states he is a Negro and this comment provoked adverse reaction of Negroes in the audience, thus invoking a reaction of prejudice on the part of the jury.

Defendant's contentions are not meritorious. There is nothing in the record to support them. ■ A statement of material facts on appeal must accurately set forth matters in the record. (Cal. Rules of Court, rule 13; *People* v. *Mullane,* 182 Cal.App.2d 765, 768 [6 Cal.Rptr. 341].) ■ Evidence, if any, outside the record may not be considered on appeal. (*People* v. *Horton,* 174 Cal.App.2d 740, 742 [345 P.2d 45].)

■ The evidence was sufficient to convict defendant of burglary whether he had a jury trial or a court trial. His fingerprint was found on the chair used to break the glass window in the starter's booth; two sets of binoculars taken from the burglarized premises were in defendant's possession shortly after the burglary.

■ The argument of the attorneys is not before us to determine whether the district attorney referred to defendant as being "free, white and twenty-one." Assuming the statement was made, and whatever the origin of the phrase may have been, it has long been considered a mere cliché meaning nothing more than to convey the impression that a person is acting under his own free will and is responsible for his own acts. If the statement was used it was probably to show that defendant had voluntarily participated in the burglary, inasmuch as Spain testified that he neither forced Perkins to go with him nor did Perkins force him to act in connection with the burglary. There is no prejudice in view of the substantial evidence supporting the judgment.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.