[Crim. No. 3263.   Fourth Dist., Div. One.   Feb. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. WILSON K. SHORT, Defendant and Appellant.

Clement J. O'Neill, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Wilson K. Short, convicted after jury trial of two counts of first degree robbery (Pen. Code, § 211), appeals from the judgment of conviction.

On January 3, 1968, Martha Ann Moore, while working as a clerk at Danber Drug Store in Fountain Valley, saw Short standing at the store's ice cream counter near the cash register. Short pulled out a gun, pointed it at Mrs. Moore and demanded cash from the register. Mrs. Moore complied, putting bills and rolls of coins in a paper bag and handing the bag to Short who departed.

Catherine Mikolajek, a customer in the store witnessed the robbery and studied Short's features very carefully, stating positively Short was the robber. Mrs. Mikolajek saw Short drive away in a car and memorized the license number of it. It was a stolen car.

Deacon W. Smith, a driver for Professional Drug Company, also witnessed the robbery, gave chase in his car as the robber fled, but lost him. Smith was unable to identify Short as the robber.

Several days after the robbery, the police showed Mrs. Moore, the clerk, about six pictures for suspect identification. Mrs. Moore selected two she thought "might have been" of the man who robbed her. A second time the police showed Mrs. Moore three pictures from which she picked one that "could be the man." She was not sure whether the one which

"could have been the man" was a picture of Short or not. She identified Short as the robber at trial.

On January 13, 1968, Dorothy Todd, a clerk at the Allen Rexall Drug Store in Huntington Beach, saw Short standing at the record counter in the store about 7 p.m. She had talked to Short some two hours earlier when he had inquired about some shaving lotion. Short confronted her with a gun and ordered her to put all bills from the cash register into a paper bag; Mrs. Todd obeyed. Short grabbed the bag and left the store.

The police showed Mrs. Todd pictures from "mug books." She could not find Short's picture. When the police later showed Mrs. Todd a group of three pictures she recognized one of them as a picture of Short.

Short offered alibi defenses to both counts.

■ Short claims the pretrial photographic identification procedures were impermissibly suggestive and he should have had counsel present when the pictures were shown. It does not appear Short was in custody when the pictures were shown to Mrs. Moore and Mrs. Todd. It is difficult to imagine how he could have had an attorney represent him during this stage of investigation, while he was still at large and undoubtedly hoping to remain at large. It would be impractical if not impossible to require presence of Short's counsel when photographs are shown a witness while Short was still at large, probably unrepresented, and not charged with a crime. Under these circumstances Short did not have the right to counsel's presence at the photographic identification.

■ The record does not indicate whether any of the pictures shown Mrs. Moore were in fact of Short. Both victims had a good look at Short as he robbed them. Nothing in the record indicates the in-trial identification of Short by the victims was based on seeing the photographs. Mrs. Mikolajek had no doubt the Danber Drug Store robber was Short. She had not been shown any photographs.

Nothing in the record indicates impermissible suggestiveness in the photographic identification procedures which were followed. (*People* v. *Laursen,* 264 Cal.App.2d 932, 944-945 [71 Cal.Rptr. 71].) Short's claim one of the three photographs shown Mrs. Todd was a female is not supported by the record before this court.

■ Absent unfair suggestiveness, the employment of photographs as an investigative tool is approved in *Simmons*

v. *United States,* 390 U.S. 377 [19 L.Ed.2d 1247, 88 S.Ct. 967].

Moreover, Short did not object to the in-court identification of him by any witness. He may not now raise the question on appeal. (*People* v. *Rodriguez,* 266 Cal.App.2d 766, 770 [72 Cal.Rptr. 310].)

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.