7 Cal.App.3d 117 (1970)
86 Cal. Rptr. 428
THE PEOPLE, Plaintiff and Respondent,
v.
EDWARD MARSHALL HAWKINS, Defendant and Appellant.
Docket No. 3718.
Court of Appeals of California, Fourth District, Division One.
April 29, 1970.
*120 COUNSEL
Benjamin P. Dillahunty, under appointment by the Court of Appeal, for Defendant and Appellant.
Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ivan Hoffman, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
COUGHLIN, J.
Defendant appeals from a conviction of robbery. Allegedly he and a man named Williams, on October 31, 1968, shortly after 8 a.m., robbed the owner of a market, Mrs. Abraham. An 11-year-old girl named Dianna Jaramillo was present at the time of the robbery. The police were notified. Mrs. Abraham was interviewed by Officer Weaver and gave him a description of the two men who robbed her. At about 10:30 a.m. Officer Weaver and Officer McLennan, in separate automobiles, observed defendant and Williams a few blocks from the market; noted the two men look at the police vehicles, then turn and run toward a building. Officer Weaver drove to the back of the building; saw the two men, who appeared to be hiding behind a staircase; ran toward them and as he did so both men attempted to run behind the building; drew his revolver; and ordered the men to halt. Williams stopped. Defendant ran around the building toward the front; observed Officer McLennan coming in his direction; returned; and was taken into custody by Officer Weaver.
In the early afternoon of the same day Officer McLennan displayed photographs of eight Negro men, including defendant and Williams, to Mrs. Abraham at the market; told her the photographs included two subjects he believed were responsible for the robbery; and asked her to spread them out on the service counter, to carefully look at each one and to "see if she could identify anyone in the group of pictures." Mrs. Abraham selected two photographs she identified as pictures of the men who robbed her; one of Hawkins; and the other of a man named Henry. Thereafter, the photographs were shown to Dianna Jaramillo and she also selected those of defendant and Henry as the robbers. Although Miss Jaramillo was present *121 in the market while Mrs. Abraham selected photographs of the two suspects, the girl stood off to one side; did not observe Mrs. Abraham make her selection; and in no way had knowledge respecting the photographs Mrs. Abraham selected.
Williams admitted his part in the robbery and was made a ward of the juvenile court.
At the trial defendant objected to testimony of Mrs. Abraham identifying him as one of the robbers; claimed her identification was the product of the pretrial identification by photograph; contended the pretrial identification procedure was illegal because it denied him his right to counsel and due process of law; and asked permission to conduct a voir dire examination of witnesses to establish this contention. His request was granted. Following presentation of evidence on the issue the court overruled the objection to the in-court identification.
(1) Defendant was not represented by counsel at the identification-by-photograph proceeding and, relying on this fact, cites United States v. Wade, 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926, 1930] and Gilbert v. State of California, 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951, 1955], in support of his position the proceeding was illegal because it denied him his right to counsel.
The rule an accused is entitled to be represented by counsel at a pretrial lineup identification, declared in Wade and Gilbert, does not apply to a pretrial identification by photograph under circumstances such as in this case. (People v. Fowler, 1 Cal.3d 335, 350 [82 Cal. Rptr. 363, 461 P.2d 643]; People v. Wendling, 4 Cal. App.3d 317, 320 [84 Cal. Rptr. 310]; People v. Short, 269 Cal. App.2d 746, 748 [75 Cal. Rptr. 156]; People v. Padgitt, 264 Cal. App.2d 443, 449 [70 Cal. Rptr. 345]; see also Simmons v. United States, 390 U.S. 377 [19 L.Ed.2d 1247, 88 S.Ct. 967, 971]; People v. Floyd, 1 Cal.3d 694, 714 [83 Cal. Rptr. 608, 464 P.2d 64].) Basic to the decisions in Wade and Gilbert is the conclusion a lineup identification affords opportunities for suggestive influences prejudicial to the accused not readily detectable by him, and the presence of counsel is necessary to enable reconstruction of those influences at the trial to assure a fair determination of the reliability of the identification. (United States v. Wade, supra, 388 U.S. 218, 229, 230 [18 L.Ed.2d 1149, 1158, 1159, 87 S.Ct. 1926, 1933-1934].) Any suggestive influences present at a photo-identification in large measure are preserved by the photographic evidence, or readily detectable by cross-examination of the participants. (Simmons v. United States, supra, 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967, 971]; People v. Padgitt, supra, 264 Cal. App.2d 443, 449.) Furthermore, countervailing policy considerations may outweigh the need for the *122 presence of counsel during identification procedures. (Wise v. United States, 383 F.2d 206 (cert. den. (1968) 390 U.S. 964 [19 L.Ed.2d 1164, 88 S.Ct. 1069]); People v. Colgain, 276 Cal. App.2d 118, 125-127 [80 Cal. Rptr. 659]; People v. Almengor, 268 Cal. App.2d 614, 617 [74 Cal. Rptr. 213]; see also United States v. Wade, supra, 388 U.S. 218, 237 [18 L.Ed.2d 1149, 1162-1163, 87 S.Ct. 1926, 1937].) Identification by photograph is an effective tool in criminal law enforcement; in most instances occurs before the filing of charges, as a police investigatory procedure; and affords minimal opportunity to exert suggestive influences not detectable at trial. In light of the foregoing, the need to obtain identification of a suspect by photograph, whether or not he is in custody, as a police practice in the detection of crimes outweighs the need for the presence of counsel representing the suspect during such identification. (See Simmons v. United States, 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967, 971].)
(2a) Defendant's contention the photo-identification in the case at bench was unfair, and for this reason denied him due process, on appeal must be considered in light of fundamental rules applicable in the premises. The order of the trial court overruling his objection to the admission of in-court identification testimony, after the voir dire hearing respecting the alleged illegality of the photo-identification procedure, implies a finding the photo-identification procedure complied with due process requirements. (Griffith Co. v. San Diego College for Women, 45 Cal.2d 501, 507 [289 P.2d 476, 47 A.L.R.2d 1349]; Estate of Rule, 25 Cal.2d 1, 10 [152 P.2d 1003, 155 A.L.R. 1319].) (3) This finding will be sustained if supported by any substantial evidence, direct or indirect, contradicted or uncontradicted. (Grainger v. Antoyan, 48 Cal.2d 805, 807 [313 P.2d 848]; Cottle v. Gibbon, 200 Cal. App.2d 1, 4 [19 Cal. Rptr. 82].) A defendant charging denial of due process in an identification procedure has the burden of proving the charge. (People v. Caruso, 68 Cal.2d 183, 194 [65 Cal. Rptr. 336, 436 P.2d 336]; People v. Burns, 270 Cal. App.2d 238, 244 [75 Cal. Rptr. 688]; People v. Romero, 263 Cal. App.2d 590, 593 [69 Cal. Rptr. 748].) Denial of due process is not established unless the evidence shows "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Simmons v. United States, supra, 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967, 971]; People v. Short, supra, 269 Cal. App.2d 746, 748; People v. Laursen, 264 Cal. App.2d 932, 942, 945 [71 Cal. Rptr. 71]; People v. Padgitt, supra, 264 Cal. App.2d 443, 449-450.)
(4) At the conclusion of the hearing in response to defendant's contention *123 the photo-identification by Mrs. Abraham denied him due process, there was substantial evidence showing Mrs. Abraham at the time of the robbery had ample opportunity to observe defendant's full face and general appearance; immediately thereafter described defendant to the police; defendant then was placed in custody; his photograph was taken; this photograph, together with seven others, including a photograph of his companion at the time of his arrest, were submitted to Mrs. Abraham with the suggestion the photographs included those of two men suspected of being the robbers; there was no suggestion respecting which of these photographs were those of the suspects; in selecting the photographs other than those of defendant and Williams, the police chose from their files photographs of men whose age, complexion, physical features and build were similar to those of defendant and Williams; Mrs. Abraham unhesitatingly selected the photograph of defendant as the robber with the gun; and selected the photograph of Henry as the man accompanying him. It was shown when defendant entered the market Mrs. Abraham had an unobstructed view of his face; thereafter he placed a sack over his head which he used as a mask; but he removed the sack when he emptied the cash register, at which time she "studied all his face." The photographs were in color. Defendant was the only person wearing a green pullover shirt with a green and yellow striped bib insert. Mrs. Abraham testified she told the police one of the robbers wore a "greenish jacket and sweater." Defendant contends the fact the photograph of him was the only one in which the subject wore green clothing was impermissibly suggestive. It is a matter of note defendant as photographed was not wearing a jacket; one subject in the photographs was wearing a jacket; one subject was wearing a sweater; and five other subjects were without jackets. The clothing worn by defendant when photographed was the clothing worn by him when arrested. There is no evidence defendant was dressed in the green pullover shirt for photographic purposes. Defendant also contends he was the only subject in the photographs who had a mustache, which was an impermissibly suggestive factor. An examination of the photographs reveals that three other subjects had mustaches. There was no evidence showing the officer, by word or conduct, in any way indicated to Mrs. Abraham which of the subjects in the photographs he suspected of robbing her. The evidence supports the implied finding the pretrial photo-identification procedure was not impermissibly suggestive. (Cf. People v. Floyd, supra, 1 Cal.3d 694, 712, 714; People v. Bauer, 1 Cal.3d 368, 374 [82 Cal. Rptr. 357, 461 P.2d 637]; People v. Beivelman, 70 Cal.2d 60, 77 [73 Cal. Rptr. 521, 447 P.2d 913]; People v. Wendling, supra, 4 Cal. App.3d 317, 322; People v. Bonville, 268 Cal. App.2d 107, 112 [73 Cal. Rptr. 741]; People v. Tarpley, 267 Cal. App.2d 852, 854 [73 Cal. Rptr. 643].)
(2b) Following the order overruling defendant's objection to the in-court *124 identification testimony by Mrs. Abraham, she identified defendant as the robber who had the gun, and was cross-examined extensively in the premises. It was shown the robber with the gun, for a part of the time during the robbery, covered his head and face with a paper sack used as a mask. However, it also was shown Mrs. Abraham had an unobstructed view of his face as he entered the market, after which he used the paper sack mask; and following his removal of the mask when he emptied the cash register, holding the gun on her, at which time she was very near him. At the trial defendant explored in detail both the fairness of the photo-identification procedure and the credibility of Mrs. Abraham's in-court identification. There was no denial of due process.
(5) When Dianna Jaramillo, the girl who was present at the time of the robbery, was called as a witness for the People, defendant asked permission to examine her on voir dire based on the same grounds the voir dire examination of Mrs. Abraham was requested. His motion was denied. Defendant asserts such denial was error. During the hearing preceding the ruling on the objection to the in-court identification testimony of Mrs. Abraham, evidence was presented showing defendant was not represented by counsel at the time Miss Jaramillo identified him by photograph; the same photographs exhibited to Mrs. Abraham were exhibited to Miss Jaramillo; the latter did not have the opportunity to observe the selection made by Mrs. Abraham; and Miss Jaramillo selected the photograph of defendant as one of the robbers and the photograph of Henry. Under these circumstances, in light of the court's former ruling respecting defendant's contention concerning the photo-identification procedure, no purpose would have been served by further voir dire examination; and denial of the defendant's motion was not an abuse of discretion. (Gen. see People v. Floyd, supra, 1 Cal.3d 694, 712.) Thereafter Miss Jaramillo identified defendant in court as being the robber with the gun. No objection was made to questions soliciting this identification. (6) The failure to object to in-court identification is a waiver of any alleged error in its admission. (People v. Short, supra, 269 Cal. App.2d 746, 748.) After the prosecuting attorney had asked several questions of Miss Jaramillo respecting the photo-identification, counsel for defendant made the following statement: "I object to this as rehabilitating a witness improperly. There hasn't been any attack upon her." (Italics ours.) The objection was overruled. Thereupon further testimony respecting the photo-identification was elicited. (7) Pretrial identification evidence is admissible as a part of the People's case. (People v. Gould, 54 Cal.2d 621, 626 [7 Cal. Rptr. 273, 354 P.2d 865].)
(8) Where, as in the case at bench, a pretrial identification is not illegal the prosecution is not required to establish the in-court identification would not be influenced by the pretrial identification as a condition to in-court *125 identification. (People v. Colgain, supra, 276 Cal. App.2d 118, 129.) Defendant's discussions respecting the insufficiency of the evidence to establish the in-court identifications were not influenced by pretrial identifications, are without purpose in light of our conclusion the pretrial identifications were not illegal.
(9) There was evidence a gun similar to that used by defendant had been stolen before the robbery and returned to the owner after the robbery through a woman named Catherine Jackson, who testified it had been delivered to her by Williams. Miss Jackson was called as a witness for the prosecution; testified to the foregoing; was asked whether defendant accompanied Williams at the time of the return of the gun to which she said: "No."; and then was asked whether she had told Officer Weaver that Williams was accompanied by defendant when the gun was returned, to which she replied, over objection: "No." Officer Weaver testified, over objection, Miss Jackson had told him the defendant accompanied Williams when the gun was returned. The testimony was admitted for impeachment purposes only. Defendant requested a limiting instruction and was advised by the court, in the presence of the jury, such an instruction would be given at the time the jury was instructed on the law of the case. Defendant contends it was error to refuse to give an adequate limting instruction at the time requested. The instruction given was adequate. Refusal to give it when requested was not error. (People v. Smith, 63 Cal.2d 779, 794 [48 Cal. Rptr. 382, 409 P.2d 222].)
(10) The court gave an instruction on the issue of flight. The instruction was a correct statement of the law. Defendant contends it did not apply to the circumstances in the case. This is without merit. The evidence supports a conclusion defendant, upon observing the officers, ran and hid, then attempted to flee from arrest. Under these circumstances an instruction on flight was proper. (People v. Rodriguez, 266 Cal. App.2d 766, 770 [72 Cal. Rptr. 310]; People v. Moore, 211 Cal. App.2d 585, 600 [27 Cal. Rptr. 526].)
The judgment is affirmed.
Brown (Gerald), P.J., and Whelan, J., concurred.