[Crim. No. 3969. Fourth Dist., Div. One. Nov. 23, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS CARL DOBSON, Defendant and Appellant.

## Counsel

Francis J. Maher, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Alexander B. McDonald, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**COUGHLIN, J.**—In a four-count indictment defendant was charged with the offenses of assault with intent to rape Julie Ann Crosby, assault with intent to rape Irene Lamb, assault upon the person of Irene Lamb by means of force likely to produce great bodily injury, and unlawfully loitering on private property; by jury verdict was found guilty of the offense of assault with intent to rape Irene Lamb and not guilty of the other offenses; appeals his conviction; and seeks a reversal upon the grounds (1) the evidence is not sufficient to support a verdict of guilty, and (2) he was denied due process of law because the testimony of Irene Lamb identifying him as the person who assaulted her was the product of a constitutionally proscribed pretrial identification.

 The contention the verdict of guilty is not supported by the evidence is premised on the claim there is no evidence showing an intent to rape. The manner of the assault, the circumstances under which it occurred, the fact the assailant pushed the victim down onto an automobile seat, the fact the assailant then pulled the victim up to him and when the latter said, "I'm an old woman, what do you want from me," his only response was to push her back down onto the seat, the fact the assailant made no attempt to

steal the victim's purse or any other property, and the fact the assailant was attempting to choke the victim into unconsciousness support the conclusion the purpose of the assault was to rape. (*People* v. *Nye,* 38 Cal.2d 34, 37 [237 P.2d 1]; *People* v. *Collier,* 113 Cal.App.2d 861, 868 [249 P.2d 72].)

█ At the trial Irene Lamb testimonially identified defendant as the person who had assaulted her. Defendant contends this in-court identification was tainted by a pretrial identification made under impermissibly suggestive circumstances constituting a denial of due process of law, and in support of his position, cites the decisions in *Stovall* v. *Denno,* 388 U.S. 293, 301 [18 L.Ed.2d 1199, 1205, 87 S.Ct. 1967, 1972] and *People* v. *Caruso,* 68 Cal.2d 183, 187 [65 Cal.Rptr. 336, 436 P.2d 336]. (See also *Simmons* v. *United States,* 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967, 971].) However, defendant neither objected to the admission of the in-court identification nor requested a *voir dire* examination of the witness, before its admission, to show the existence of a constitutionally objectionable pretrial identification. █ A defendant has the burden of showing a pretrial identification is constitutionally objectionable. (*People* v. *Caruso, supra,* 68 Cal.2d 183, 194; *People* v. *Hawkins,* 7 Cal.App.3d 117, 122 [86 Cal.Rptr. 428].) █ After the witness concluded her direct examination she was cross-examined by defense counsel who elicited testimony she had been shown photographs of some suspects five days after the offense had been committed, but was unable "to pick out" the person who had assaulted her; and also elicited testimony she attended a preliminary examination two and one-half months later at which time she indicated to a Mr. Cox, apparently a member of the district attorney's staff, defendant "was the man." The foregoing testimony, which is the only evidence on the issue, does not support defendant's contention a constitutionally objectionable pretrial identification had been made. It should be noted there was no evidence a photograph of defendant was included among those shown the victim, Lamb. Thus, her testimony she did not identify the defendant at that time as the person who assaulted her is of no consequence. Likewise it should be noted the cross-examination testimony of the victim did not identify the preliminary examination she attended, give the reason for her attendance, or show defendant was present at or involved in the preliminary hearing. █ In any event, defense counsel did not move to strike or in any other manner question the admissibility of the in-court identification testimony of the victim.

Defendant's failure to object to the in-court identification forecloses any objection thereto on appeal. (*People* v. *De Santiago,* 71 Cal.2d 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353]; *People* v. *Robinson,* 62 Cal.2d 889, 894 [44

Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Rojas,* 55 Cal.2d 252, 260 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252]; *People* v. *Hawkins, supra,* 7 Cal.App.3d 117, 124; *People* v. *Short,* 269 Cal.App.2d 746, 749 [75 Cal.Rptr. 156].)

On appeal defendant's argument he was denied due process of law relies upon facts not supported by the evidence. In his brief he asserts a photograph of defendant was included among those submitted by the police to the victim, Lamb; the preliminary hearing attended by the victim was the preliminary hearing on the complaint charging defendant with assault to commit rape upon Julie Ann Crosby; the prosecution arranged to have Mrs. Lamb at this hearing; preceding the hearing she was seen conversing with a group of people, including Mrs. Crosby, outside the courtroom; and she was able to identify the defendant as the person who assaulted her only after hearing Mrs. Crosby identify him as the person who attacked her and relate the details of that attack. The asserted facts find no support in the record and their assertion violates the fundamental rule matters not of record cannot be urged on appeal. (*People* v. *Jackson,* 230 Cal. App.2d 485, 490 [41 Cal.Rptr. 113]; *People* v. *Perkins,* 223 Cal.App.2d 20, 22 [35 Cal.Rptr. 589]; *People* v. *Roberts,* 213 Cal.App.2d 387, 394, 395 [28 Cal.Rptr. 839].)

The statements in defendant's appellate brief respecting matters outside the record prompts the observation the real issue in the case at bench is whether defendant's representation by trial counsel was so ineffective as to constitute a denial of his constitutional right to counsel.

Pertinent is the statement in *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487], where the court said: "It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled." The inexcusable failure of counsel to discharge this duty constitutes a denial of effective assistance of counsel equating a denial of his constitutional right to counsel and also constitutes denial of a fair trial equating denial of due process. (*In re Branch,* 70 Cal.2d 200, 210 [74 Cal.Rptr. 238, 449 P.2d 174]; see also *Powell* v. *Alabama,* 287 U.S. 45, 56-58, 71 [77 L.Ed. 158, 164-165, 171, 53 S.Ct. 55, 59]; *People* v. *McDowell,* 69 Cal.2d 737, 746 [73 Cal.Rptr. 1, 447 P.2d 97]; *People* v. *Welborn,* 257 Cal.App.2d 513, 515, 518 [65 Cal.Rptr. 8].)

The record of the trial does not support the finding defendant's trial counsel inexcusably failed to discharge his duty to investigate the law and the facts pertinent to the issue whether the in-court identification of the vic-

tim, Lamb, was admissible. Judged by the record the failure to urge rejection of the in-court identification may have been based on information supporting the conclusion it was not tainted by any pretrial identification; or may have been the product of a tactical decision to allay concern by the prosecution respecting the weight of identification evidence which otherwise might have been fortified. ■ The mere fact trial counsel may fail to present an apparently available defense will not support a reversal of a conviction unless it is shown such failure is the product of a lack of judgment, i.e., ignorance, rather than an error in judgment. (*People* v. *McDowell, supra,* 69 Cal.2d 737, 749.) Where, from the record, it is a matter of conjecture or surmise whether the failure to present a defense was the product of deliberate judgment or a lack of judgment, denial of the constitutional right to effective counsel or of due process of law has not been shown. ■ However, the statement of facts presented in defendant's brief, if true, indicates the probability his trial counsel either did not investigate the facts of the case respecting the existence of an illegal pretrial identification, did not investigate the law applicable to the issue of identification, was ignorant of the law governing the legality of pretrial identification and the effect of an illegal pretrial identification upon an in-court identification, or was ignorant of fundamental procedures used to assure his client a fair trial in the premises. In the event the facts on the issue of identification are as set forth in the defendant's brief, the question whether defendant was denied his right to counsel because of inadequate representation at the trial is one that should be determined on habeas corpus. (*In re Branch, supra,* 70 Cal.2d 200, 210; *Brubaker* v. *Dickson,* 310 F.2d 30, 32.) In light of the foregoing, we make no determination on the question.

Premised upon the record of the trial, we conclude no basis for a reversal appears.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.