[Crim. No. 638. First Appellate District.—November 1, 1916.]

## THE PEOPLE, Respondent, v. EDWARD GORMAN, Appellant.

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—INSTRUCTION.—In a criminal case it is not error to refuse to instruct the jury at the request of the defendant on the law of circumstantial evidence, upon the theory that the case of the prosecution was based upon such evidence alone, where it appears that the prosecution did not rely solely or chiefly upon circumstantial evidence to obtain defendant's conviction.

ID.—MURDER—CONSPIRACY TO COMMIT ROBBERY—INSTRUCTION.—In a prosecution for murder it is not error to refuse to instruct the jury at the request of the defendant upon the subject of conspiracy to commit robbery, where there was little or no evidence offered to support that view of the case.

ID.—LACK OF MOTIVE—CIRCUMSTANCE OF INNOCENCE—INSTRUCTION.— It is not error to refuse to instruct the jury that if the evidence fails to show any motive on the part of the defendant consistent with reason and soundness of mind to commit the crime charged, it is a circumstance in favor of innocence, and should be considered by the jury in connection with the other evidence in the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

J. K. Ross, and John W. Elwell, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction of the defendant of the crime of manslaughter, and from an order denying his motion for a new trial.

The defendant was charged with murder in the killing of one Eugene Kelly in a brawl on Third Street, in the city and county of San Francisco, during the early morning hours of September 8, 1915. It is the first contention of the appellant that the court erred in its refusal to give certain instructions requested by the defendant relating to the law of circumstantial evidence, and presented upon the theory that the case of the prosecution was based upon circumstantial evidence alone; but an inspection of the record discloses that the prosecution did not rely upon circumstantial evidence alone or chiefly to obtain the defendant's conviction, and this being so, it is obvious that the instructions which the defendant requested, however correctly they may have stated the law of circumstantial evidence, had no application to the case, and were therefore properly refused by the trial court.

The same reasoning applies to the instruction asked by the defendant upon the subject of conspiracy. The charge was murder; and while it is true that the prosecuting officer in his opening statement to the jury had something to say about a conspiracy of several of the participants in the embroglio to commit a robbery, there was little or no evidence offered to support this view of the case, while, on the other hand, there was the direct testimony of a police officer to the effect that he saw the defendant strike the fatal blow. Under these conditions the matter of a possible conspiracy between several of the participants in the brawl to rob someone involved in it was not a sufficient factor in the case to warrant the giving of an instruction upon that subject.

The appellant's next contention is that the court erred in refusing to give the jury the following instruction at the defendant's request: "If the evidence fails to show any motive on the part of the defendant consistent with reason and soundness of mind to commit the crime charged, this is a circumstance in favor of his innocence, and should be considered by the jury in connection with the other evidence in the case." The appellant cites no direct authority supporting his contention that this instruction should have been given; while, on the other hand, it has been expressly decided that it is not error in the trial court to refuse to give a re-

quested instruction in substantially the form of that presented by the defendant herein. (*People* v. *Glaze,* 139 Cal. 154, [72 Pac. 965].)

The appellant further contends that the evidence is insufficient to warrant a conviction, and devotes considerable space in the brief of his counsel to certain alleged inconsistencies and uncertainties in the testimony of the witnesses for the prosecution. We are satisfied, however, upon a careful reading of the record that there was sufficient evidence presented which, if believed by the jury, would have warranted a verdict of manslaughter, and this being so, the judgment of conviction will not be disturbed.

The next contention of the appellant is that the court erred in its refusal to grant him a new trial upon the ground of newly discovered evidence. The affidavits offered by the defendant at the hearing of his motion for a new trial were merely cumulative, and besides, were largely negative in their averments, and, in our opinion, the court did not abuse its discretion in denying the defendant's motion upon that ground.

As to the final charge of the appellant, that the court and the prosecuting officer were guilty of certain acts of misconduct which materially and improperly prejudiced the defendant's case before the jury, we find this contention to be entirely without merit.

Judgment and order affirmed.