[Crim. No. 2595. Second Appellate District, Division Two.—March 1, 1935.]

THE PEOPLE, Respondent, v. WILLIAM A. MANN, Appellant.

John Dennison for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was charged with assault with deadly weapon, to wit, a standard building brick, on complaining witness. The latter had retired, and arising later went to the window of the front room occupied by her child. Outside and six or seven feet away she saw a man, who hurled a brick at her through the window, ran down the street and, entering an automobile, drove away. Her husband in the meantime went out of the house and saw the assailant. Both identified him as defendant, who is the husband of complainant's aunt. The jury convicted defendant of simple assault. From such judgment and the order denying motion for new trial this appeal is taken. Testimony was offered by defendant to establish an alibi. In addition thereto a defense witness was called to the stand, and when asked whether he had committed acts constituting the crime charged against defendant, availed himself of his constitutional immunity against such questions. He was

asked whether he had confessed to defense counsel the matters concerning which he was questioned on the stand, and admitted that he had made such a statement and had sworn to it before a notary. The alleged written confession, during the examination of the witness, was read piecemeal to the jury, but when offered in evidence it was excluded. Such extrajudicial confession of a third person was properly kept out of evidence. (*People* v. *Woods*, 90 Cal. App. 758 [266 Pac. 361]; *People* v. *Flood*, 41 Cal. App. 373 [182 Pac. 766].) The record shows, nevertheless, that the jury had before it the testimony of the witness which embraced the alleged confession, so that they would have known no more if it had been stamped by the clerk, filed and read over to them.

On motion for new trial this witness offered to take the stand and waive immunity in case of a second trial. The court declined to follow such a course. We are unable to say that it was an abuse of discretion.

The trial court properly rejected an instruction to the effect that absence of motive was a circumstance in favor of defendant's innocence. (*People* v. *Wilkins*, 158 Cal. 530 [111 Pac. 612]; *People* v. *Page*, 86 Cal. App. 148 [260 Pac. 591].)

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.