[Crim. No. 17941. In Bank. May 9, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY LOUIS ROMO, Defendant and Appellant.

## COUNSEL

Kent N. Mastores, under appointment by the Court of Appeal, and John C. Fell, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler and Edward A. Hinz, Jr., Chief Assistant Attorneys General, Edward P. O'Brien and William E. James, Assistant Attorneys General, Gloria F. DeHart, Patrick G. Golden and Timothy A. Reardon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—Defendant was convicted, following a jury trial, of assault with a deadly weapon. (Pen. Code, § 245, subd. (a).) He was sentenced to prison for the term prescribed by law.

Defendant contends the judgment must be reversed on the following grounds: (1) accomplice instructions (CALJIC No. 3.18), cautionary instructions relating to oral admissions (CALJIC Nos. 2.70 or 2.71), and instructions on the weighing of conflicting testimony (CALJIC No. 2.22) should have been given *sua sponte;* (2) an instruction regarding the effect of absence of motive should have been given (CALJIC No. 2.51); (3) the admission into evidence of a witness' tape-recorded statement as a prior inconsistent statement was reversible error; (4) defendant was denied effective representation of counsel; and (5) the punishment prescribed by section 245, subdivision (a), is violative of the Eighth Amendment to the United States Constitution, article I, section 17 (formerly art. I, § 6) of the California Constitution, and the equal protection clause of the Fourteenth Amendment to the United States Constitution. For the reasons stated we conclude the judgment must be affirmed.

On the evening in question defendant, one Frank Mejia, and the victim, Serviano Rodriguez, gathered at the latter's home for an evening of wine drinking. The occasion was the celebration of the birth of Rodriguez' second child. The victim and defendant had been friends since the fifth grade, or approximately eight years; Mejia was defendant's brother-in-law.

At 9:45 p.m. Rodriguez' mother-in-law arrived, determined that he was too intoxicated to drive Mejia and defendant home, and without his knowledge took his car key and left. Thus when it came time for Rodriguez to drive his two equally inebriated companions home he found he was unable to start the car. He returned to the house to look for the key and after a time defendant followed him. An argument developed, escalated into a fight, and Rodriguez was stabbed three times. Defendant and Mejia fled but were apprehended soon thereafter in a nearby orchard. As the officers approached, defendant was seen to throw into the orchard an object which upon later search was found to be the knife used in the assault. The victim's injuries were not fatal but necessitated spending five days in the hospital.

Mejia made a tape-recorded statement at the San Jose detective bureau implicating defendant. The recording was admitted at trial over defense objection as a prior inconsistent statement. (Evid. Code, § 1235.)

For the reasons stated in *People* v. *Wingo, ante,* p. 169 [121 Cal.Rptr. 97, 534 P.2d 1001], defendant's attack upon the penalty provisions of section 245, subdivision (a), is premature. ■ When the punishment imposed under a statute proscribing a broad range of culpable behavior is challenged under article I, section 17, judicial resolution must await an initial determination by the Adult Authority of the appropriate maximum penalty according to the facts and circumstances of the individual case. The Adult Authority has not had the opportunity to make this determination in light of *Wingo*. Only when the term is set, or if no term is set within a reasonable time, may defendant utilize the remedy of habeas corpus to assert the sentence is disproportionate under the facts and circumstances of the crime of which he stands convicted.

The Court of Appeal correctly resolved the remaining contentions raised by defendant. We therefore adopt the relevant portions of the opinion of the Court of Appeal, prepared by Presiding Justice Molinari, as and for the opinion of this court. The opinion follows:*

---

*Brackets together, in this manner [] without enclosing material, are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (See *Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 311, fn. 2 [70 Cal.Rptr. 849, 444 P.2d 481], and cases cited.)

194

## [ ] *Cautionary Instruction*

Defendant asserts error in the failure of the trial court to instruct the jury *sua sponte* that: "Evidence of an oral admission or oral confession of the defendant ought to be viewed with caution." The failure of a trial court to give such instruction on its own motion where it is warranted by the evidence is error. (See *People v. Beagle*, 6 Cal.3d 441, 455-456 [99 Cal.Rptr. 313, 492 P.2d 1]; *People v. Reed*, 270 Cal.App.2d 37, 43 [75 Cal.Rptr. 430].)

In the instant case the record discloses that [ ] Mejia, called as a witness by the people testified as to an altercation between defendant and [ ] Rodriguez but stated he could not recall whether defendant had a knife in his hand or whether he stabbed Rodriguez because he (Mejia) was intoxicated at the time. Mejia was then asked whether he had given a statement to the police. Mejia responded that he couldn't recall making a statement because he was intoxicated and that any statement he made was incorrect because he was drunk. On cross-examination Mejia stated he could not recall giving a statement to the police.

The prosecution thereafter called Lieutenant Steufloten to the stand. Steufloten testified that on the night of the altercation he took a recorded statement from Mejia. When the prosecution sought to have the recording played defense counsel objected and then requested that the recorded statement "go in for impeachment rather than for substantive evidence." The prosecutor stated that it should be admitted for both purposes. ■ The trial court acceded to defense counsel's request and stated that it would admit the statement only for purposes of impeachment. Defense counsel then requested that the court instruct the jury as to the limited purpose for which the statement was received. Before the recording was played the jury was specifically instructed that the Mejia statement as recorded was to be considered by the jury for the purpose of determining whether it impeached Mejia's testimony in court and was not to be considered as independent evidence. The recorded statement was then played for the jury. [ ]

We apprehend that Mejia's prior inconsistent statement was admissible to prove the truth of the matters asserted therein as well as to impeach his credibility. (Evid. Code, § 1235; *People v. Green*, 3 Cal.3d 981, 985 [92 Cal.Rptr. 494, 479 P.2d 998] [cert. den., 404 U.S. 801 (30 L.Ed.2d 34, 92 S.Ct. 20)].) However, the statement was admitted for the limited purpose of impeachment. This was done at defendant's request

and a limiting instruction to such effect was given to the jury at his request. We are entitled to assume that the jury followed the judge's instruction. Under the doctrine of limited admissibility Mejia's statement was admitted for the limited purpose indicated and not as evidence that defendant had made an admission against his interest. The limited purpose for which the evidence was received was proper under the limiting instruction given by the court. (See *People* v. *Sweeney*, 55 Cal.2d 27, 42-43 [9 Cal.Rptr. 793, 357 P.2d 1049]; *Daggett* v. *Atchison, T. & S. F. Ry. Co.*, 48 Cal.2d 655, 665 [313 P.2d 557]; *Adkins* v. *Brett*, 184 Cal. 252, 256 [193 P. 251].) Accordingly, since no admission by defendant against his interest was received in evidence the cautionary instruction was not required.

### Admissibility of Tape-Recorded Statement

■ Error is claimed in the admission of Mejia's tape-recorded statement on the ground that it "was not inconsistent with his testimony at trial." [] [D]efendant has not caused the statement to be made part of the record on appeal. Since he is predicating error it was his duty to point out the error by an adequate record. In any event, that portion of the statement alluded to by defendant in his brief and acquiesced to by the People differs substantially from his trial testimony. No error is seen. (See Evid. Code, §§ 1202, 1235.)

### Accomplice Instruction

■ It is contended that the trial court erred in failure to instruct *sua sponte* that: "Accomplice testimony should be viewed with distrust." He names the subject accomplice as Mejia. Defendant points to no evidence indicating that Mejia directly committed the assault upon Rodriguez, or aided and abetted, or conspired with him or anyone in its commission. (See rule 15(a), Cal. Rules of Court.) And we ourselves have searched the record for such evidence; we have found none. Since there was no evidence which could support a finding that Mejia was an accomplice, it was proper for the trial court not to instruct on the subject. [(*People* v. *Hoover* (1974) 12 Cal.3d 875 [117 Cal.Rptr. 672, 528 P.2d 760].)]

### Instruction on Weight of Evidence and Motive

A contention is also made that error resulted from the trial court's failure "to instruct *sua sponte*" on "weighing conflicting testimony" and on "motive."

■ It has now been repeatedly held that instructions on "motive" need not be given on the court's own motion; indeed, even if requested, it has been held not to be error to refuse such instructions. (See *People* v. *Young,* 9 Cal.App.3d 106, 110 [87 Cal.Rptr. 767] and cases there cited.) ■ And we observe no error, at least no prejudicial error, in the trial court's omission, without request therefor, to instruct on "weighing conflicting testimony."

### *Equal Protection of the Laws*

■ Defendant contends that the punishment prescribed in subdivision (a) of Penal Code section 245, [] i.e., "for six months to life" is violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

■ The constitutional guaranty of equal protection of the laws has been judicially defined to mean that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness. (*Gray* v. *Whitmore,* 17 Cal.App.3d 1, 21 [94 Cal.Rptr. 904]; see *Truax* v. *Corrigan,* 257 U.S. 312, 336-338 [66 L.Ed. 254, 264-266, 42 S.Ct. 124, 27 A.L.R. 375].) The concept recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not, however, require absolute equality. (*Douglas* v. *California,* 372 U.S. 353, 357 [9 L.Ed.2d 811, 814-815, 83 S.Ct. 814]; *In re Antazo,* 3 Cal.3d 100, 110 [89 Cal.Rptr. 255, 473 P.2d 999]; *Gray* v. *Whitmore, supra.*) Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination. (*Douglas* v. *California, supra,* at p. 356 [9 L.Ed.2d at p. 814]; *In re Antazo, supra; Gray* v. *Whitmore, supra,* at p. 22.)

In *People* v. *Jennings,* 22 Cal.App.3d 945, 950 [99 Cal.Rptr. 739], it was held that the penalty provision provided for in subdivision (a) of section 245 permitting sentence of from six months to life was not unconstitutional as violative of the equal protection clause of the Fourteenth Amendment, although one convicted of this offense might receive a higher penalty than that permitted under section 217 relating to the greater offense of assault with intent to commit murder. The rationale of *Jennings* is that the Legislature may· have felt that a greater penalty under section 245 was required as a deterrent since the conduct

denounced in that statute was more likely to occur than that denounced in section 217. (22 Cal.App.3d at p. 950.) []

[] [T]he fact that the prosecution elects to prosecute the accused for the offense carrying the most grievous penalty is no more a denial of the equal protection of the law than prosecution for sale of narcotics when conviction for possession of the same contraband could be sustained on the same evidence and, in fact, is often the end result of a plea bargain. Similarly, a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile (§§ 487, subd. 3, and 489) when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code. []

■ [Accordingly we approve the holding in *Jennings* and reject the contention that the statute is violative of the equal protection clause of the Fourteenth Amendment. As a final matter we note that defendant has cited us to no authority in support of this assertion.

*Inadequate Representation of Counsel*

■ In order for this claim to be meritorious defendant must overcome the considerable burden of demonstrating that because of counsel's lack of diligence or competence the trial was reduced to a sham or farce. (*People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) We have examined the instances to which defendant has referred and conclude that while counsel's actions were at times not exemplary they were not sufficiently egregious to warrant reversal under the *Ibarra* rule.

The judgment is affirmed.]

Wright, C. J., Tobriner, J., and Sullivan, J., concurred.

**CLARK, J.**—I concur in affirming the judgment, but, for the reasons stated in my concurring and dissenting opinion in *People* v. *Wingo, ante,* p. 169 [121 Cal.Rptr. 97, 534 P.2d 1001] dissent from the portion of the opinion reiterating the position taken by the majority in that case.

McComb, J., concurred.

RICHARDSON, J.—For the reasons stated in my concurring and dissenting opinion in *People* v. *Wingo, ante,* p. 169 [121 Cal.Rptr. 97, 534 P.2d 1001], I concur in the judgment in this case, but do not join the majority in imposing upon the Adult Authority an obligation to fix irrevocably a prisoner's maximum term of imprisonment "within a reasonable time" after the prisoner has "challenged" his sentence as cruel or unusual punishment.

McComb, J., concurred.

Respondent's petition for a rehearing was denied June 4, 1975. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.