[Crim. No. 26009. Second Dist., Div. Four. May 30, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE JESUS ZUBIA, JR., Defendant and Appellant.

**COUNSEL**

Dennis L. Mangrum, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Gerald T. Shea, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.\***—Appellant was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)), following a jury trial. The jury also found that he had used a firearm, to wit, a rifle, during the commission of the offense within the meaning of Penal Code section 12022.5. He is appealing from the judgment.

*Before Files, P. J., Kingsley, J., and Dunn, J.

Viewing the evidence in the light most favorable to the judgment, as required by the usual rules governing appellate review, there is sufficient evidence to support appellant's conviction. "The test on appeal is whether substantial evidence supports the conclusion of the trier of fact . . . ." (*People* v. *Reilly,* 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].)

The court sentenced appellant to state prison for the term prescribed by law and to an additional minimum period of five years pursuant to Penal Code section 12022.5. The court then ordered that the maximum sentence be shown as 15 years. ■ The penalty provided for a violation of Penal Code section 245, subdivision (a), is "state prison for six months to life." Appellant contends that this statutorily prescribed penalty constitutes cruel or unusual punishment as a matter of law.

As our Supreme Court recently held in *People* v. *Romo,* 14 Cal.3d 189, 193 [121 Cal.Rptr. 111, 534 P.2d 1015], "defendant's attack upon the penalty provisions of section 245, subdivision (a), is premature. When the punishment imposed under a statute proscribing a broad range of culpable behavior is challenged under article I, section 17, judicial resolution must await an initial determination by the Adult Authority of the appropriate maximum penalty according to the facts and circumstances of the individual case. The Adult Authority has not had the opportunity to make this determination in light of *Wingo.* [*People* v. *Wingo,* 14 Cal.3d 169 (121 Cal.Rptr. 97, 534 P.2d 1001).] Only when the term is set, or if no term is set within a reasonable time, may defendant utilize the remedy of habeas corpus to assert the sentence is disproportionate under the facts and circumstances of the crime of which he stands convicted."

Consequently, we cannot, and do not, consider appellant's contention that the statutorily prescribed penalty constitutes cruel or unusual punishment as a matter of law. ■ Similarly, the trial court's order purporting to fix appellant's maximum sentence at 15 years exceeded its jurisdiction.[1] A court's initial sentencing authority is limited to commitment of a convicted defendant to state prison for the term prescribed by law without specification of either "the term or duration of the period of imprisonment." (Pen. Code, § 1168, the Indeterminate Sentence Law.)

---

[1]A void provision in a sentence may be corrected by a reviewing court upon its own motion. (See *In re Sandel,* 64 Cal.2d 412 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v. *Massengale,* 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].)

The judgment is hereby corrected by striking therefrom, as surplusage, the words "Court orders maximum sentence to be 15 years," leaving the sentence one of imprisonment for the term prescribed by law.

As so corrected, the judgment is affirmed.