[Crim. No. 41012. Second Dist., Div. Four. Nov. 15, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD J. GAGLIONE, Defendant and Appellant.

**COUNSEL**

Stanley M. Becker for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Paul C. Ament, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting, P. J.**—Defendant was charged with: (count I) involuntary manslaughter of Bruce Burton, in violation of subdivision 2 of section 192 of the Penal Code; (count II) involuntary manslaughter of David George, in violation of subdivision 2 of section 192 of the Penal Code; (count III) violation of section 5157 of title 8 of the California Administrative Code, in violation of section 6423 of the Labor Code; (count IV) violation of section 5158 of title 8 of the California Administrative Code, in violation of section 6423 of the Labor Code, and (count V) violation of section 5159 of title 8 of the California Administrative Code, in violation of section 6423 of the Labor Code.

After a trial by jury, count III was dismissed; defendant was found guilty on the other four counts. On the two misdemeanor counts of violation of section 6423 of the Labor Code, he was sentenced to six months in the county jail, suspended; on the two involuntary manslaughter counts, he was given probation on condition, inter alia, that he spend 365 days in county jail, the condition being suspended until August 20, 1982. He has appealed; we affirm.

Defendant was the superintendent of the water reclamation plant of the City of Burbank. It is not here contested that the plant lacked almost all of the safety equipment called for both by the city's own manual of operations and maintenance and by the state's safety regulations. Defendant had been warned of that lack over a substantial period. On May 5, 1980, two employees under defendant's supervisory control (Burton and George) entered a manhole without gas masks or safety harnesses and were asphyxiated by hydrogen sulphide.

I

■ There was substantial evidence that the provisions of the city's operation and maintenance manual had been called to defendant's attention. Over defendant's objection, the manual was introduced into evidence. The contention here made is that there was error because the state's regulations were the only evidence admissible as to the "industry standard" of safety. The contention is without merit. The contention is true as to counts IV and V, which charged only violations of state imposed standards but the manslaughter counts do not depend on the state imposed standards but on the lack of due caution by defendant. The manual was legitimate evidence of the standards imposed by the city on defendant and, thus, were the "industry standards" for the plant involved.

For the same reason, the testimony of witness Cochran, an admitted expert, that the manual represented the standard for all similar plants was admissible.

II

■ Defendant here contends that the trial court should, *sua sponte,* have instructed the jury that all 12 must agree on the specific acts involved. We reject the contention.

(1) The argument is frivolous as to counts I and II. Those counts involved, and charged, a single act—permitting entry into the manhole on May 5th. No other acts were involved.

(2) It is true that there was testimony of a violation of the state standards on two occasions—one in April and the fatal violation on May 5th. However, the April violations were not contested; the issues litigated related only to the May

5th violation. The jury could not have been confused as to the specific violation before them under counts IV and V.

## III

■ Defendant here contends that the jury verdicts on counts IV and V were fatally defective because they referred only to the sections of the Administrative Code by number, but omitted to recite that those sections were parts of title 8 of that code. The contention is patently frivolous. The only sections of the Administrative Code bearing those numbers that were before the jury under the instructions given them were in title 8.

## IV

■ Defendant here contends that the trial court erred in refusing a requested instruction, based on section 6407 of the Labor Code, which read as follows:

"Every employer and every employee shall comply with occupational safety and health standards and rules, regulations and orders pursuant to the Labor Code which are applicable to his own actions and conduct." We see no error. As we understand it, the contention is based on the theory that defendant was liable only if he was the *sole* cause of the deaths and that contributory negligence of Burton would be a defense. The contention is not valid. Under the law of this state, defendant's conduct need be but a concurrent cause. (*People v. Harris* (1975) 52 Cal.App.3d 419, 426-427 [125 Cal.Rptr. 40].)

## V

Defendant also here contends that the trial court improperly refused another instruction reading as follows:

"A supervising employee does not have a duty to provide written operating and rescue procedures which are understandable to the employee, nor does he have the duty to provide written operating and rescue procedures to the affected employee, nor does he have a duty to train employees in operating and rescue procedures, nor to instruct employees as to the hazards they may encounter.

"A standard provided for by the Labor Code of the State of California provides that these are the duties of the employer."

The contention is frivolous. That requested instruction could apply only to count III; that count had been dismissed on defendant's motion, before the case went to the jury. It had no application to any issue before the jury.

## VI

Defendant also here contends that the trial court erred in deleting from a proposed instruction the language:

"A safety belt with attached line shall be used except where it can be shown that they would further endanger the life of the employee." The request was properly refused. There was no evidence that could have invoked the exception thus stated.

## VII

To be a criminal violation of section 6423 of the Labor Code, a violation of the Administrative Code sections herein involved must be a "serious" violation. Defendant was restricted in his cross-examination of a state expert as to the classification of the violations herein involved. Among the other legitimate reasons for the restriction is the fact that the classification of such violations is clearly spelled out in section 6432 of the Labor Code. The witness' opinion was immaterial.

## VIII

The jury was instructed as to the definition of a "serious violation" by an instruction based on the definition in section 6432 of the Labor Code. However, while the section reads, in part: "[O]ne or more practices . . . which *have* been adopted or *are* in use," the instruction reads: "[O]ne or more practices which *had* been or *were* in use." (Italics added.) Obviously, in instructing the jury as to the legal effects of past conduct, the variation to use the past tense was not only proper but less confusing than to have given the literal language of the code.

## IX

Based on what we regard as a strained construction of sections 6355 and 6354 of the Labor Code, defendant, if we understand his argument, contends that the sections did not give to him the possible immunity that they gave to an employer who voluntarily seeks the advice of the state agency. There is no evidence that defendant ever sought to avail himself of such advice, either from the state or from the safety officer of the city.

## X

The offenses herein involved required a "knowing" or a "negligent" act. The jury was instructed as to the meaning of "knowing" in the language of CALJIC No. 1.21. No more was required.

## XI

Section 6425 of the Labor Code reads as follows:

"Any employer, and every employee having direction, management, control, or custody of any employment, place of employment, or other employee, who willfully violates any occupational safety or health standard, order, or special order, or Section 25910 of the Health and Safety code, and that violation caused death to any employee, or caused permanent or prolonged impairment of the body of any employee, shall, upon conviction, be punished by a fine of not more than ten thousand dollars ($10,000), or by imprisonment for not more than six months, or by both, except that if the conviction is for a violation committed after a first conviction of such person, punishment shall be by a fine of not more than twenty thousand dollars ($20,000) or by imprisonment for not more than one year, or by both. Nothing in this section shall prohibit a prosecution under Section 192 of the Penal Code, rather than under this section, for the death of an employee. However, no person may be prosecuted under both this section and Section 192 of the Penal Code for the same act or omission."

■ Defendant here contends that he was the victim of improper prosecution because, if charged with a violation of that section, he would have been liable only to a fine and a short jail sentence. That contention is as frivolous as the other contentions hereinabove discussed.

(1) By its express terms, a violation of section 6425 does not bar a prosecution, as here, under section 192 of the Penal Code.

(2) The prosecution may, without violation of the requirement of equal protection, elect to prosecute for an offense carrying a heavy penalty although it might have elected to prosecute for an offense carrying a lighter penalty. (*People* v. *Romo* (1975) 14 Cal.3d 189, 197 [121 Cal.Rptr. 111, 534 P.2d 1015].)

## XII

By a labored argument, defendant contends that sections 5158 and 5159 of title 8 of the California Administrative Code, on which counts IV and V are based, apply only to the conduct of the employees (here Burton and George) and not to their supervisor, the defendant. Section 6423 of the Labor Code ex-

pressly applies to "every employer, and every officer, management official, or supervisor."

## XIII

Defendant attacks the sufficiency of the evidence to support his conviction. On appeal we are required to view the evidence in the light most favorable to the People. So viewed, the verdicts were supported.

The judgment is affirmed.

McClosky, J., and Tynan, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1983.

---

*Assigned by the Chairperson of the Judicial Council.