Filed 5/22/13  P. v. Ibarra CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HERIBERTO GABRIEL IBARRA,<br><br>    Defendant and Appellant. | F064494<br><br>(Super. Ct. No. BF130654A)<br><br><br>**OPINION** |

<u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Kern County.  Louis P. Etcheverry and Michael G. Bush, Judges.†

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Wiseman, Acting P.J., Kane, J. and Poochigian, J.

†       Judge Etcheverry accepted appellant's plea; Judge Bush sentenced appellant.

On January 13, 2010, police officers executed a search warrant at appellant Heriberto Gabriel Ibarra's residence, where they found, among other things, cocaine and a fully loaded shotgun. A defense motion to quash the search warrant and suppress evidence was heard and denied. Later, appellant pled no contest to a single count of possession of cocaine for sale (Health & Saf. Code, § 11351) and entered into a stipulated sentence of two years in state prison. On September 29, 2011, the court sentenced defendant to two years in state prison.

The sole ground for appellant's appeal is his contention that the October 1, 2011, amendment to Penal Code section 1170, subdivision (h), should be applied retroactively, notwithstanding that the legislation expressly states that it shall be applied prospectively. Appellant contends that equal protection principles mandate retroactive application of the statutory amendments. We disagree and affirm.

## *DISCUSSION*

Effective October 1, 2011, as part of the 2011 realignment legislation, a new category of legislatively deemed low level felonies was created. Penal Code section 1170, subdivision (h)(2), provides that a felony punishable under this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense. Exceptions to this are persons who have been convicted of prior or current violent or serious felonies or enhancements, or who are required to register as sex offenders. (Pen. Code, § 1170, subd. (h)(3).) A defendant who otherwise qualifies is eligible for the additional benefit of a split sentence, in which the prisoner can serve the concluding portion of the term selected on supervised release from custody. (Pen. Code, § 1170, subd. (h)(5)(B).)

Appellant contends he should be afforded the benefits of serving his term in the county jail or having his sentence split between county jail and supervised release even though the latest amendment to Penal Code section 1170, subdivision (h), states it is

2.

meant to apply *prospectively* to persons sentenced on or after October 1, 2011. (Pen. Code, § 1170, subd. (h)(6).) Appellant was sentenced on September 29, 2011.

The People maintain that a prospective application is mandated by the provisions of the realignment legislation and does not violate equal protection principles. The People also contend that appellant is estopped from raising this argument, since he specifically entered into a plea agreement in which one of the terms was that he receive two years in state prison. We need not address the forfeiture argument because we find appellant's equal protection contention lacks merit.

Under equal protection analysis, the first question is whether the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.) The guarantee of equal protection of the laws does not require absolute equality. A state may provide for differences as long as the result does not amount to invidious discrimination. (*People v. Romo* (1975) 14 Cal.3d 189, 196.)

The two classes described by appellant are those inmates sentenced before the effective date of the amendment and those sentenced after. As the People point out, appellant has cited no case that recognizes an equal protection violation arising from the timing of the effective date of the statute affecting punishment for a particular offense. (*People v. Floyd* (2003) 31 Cal.4th 179, 188-191 [prospective application of Proposition 36 did not violate equal protection].) In addition, a refusal to apply a statute retroactively does not violate the Fourteenth Amendment to the United States Constitution. (*Baker v. Superior Court* (1984) 35 Cal.3d 663, 668-669 [14th Amend. does not forbid statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time]; *Sperry & Hutchinson Co.* v. *Rhodes* (1911) 220 U.S. 502, 505; see also *Califano v. Webster* (1977) 430 U.S. 314, 321.)

The delineation of these two classes does not involve a suspect classification or a fundamental interest. Appellant has cited no authority and we have found none which

denominates these two groups (prisoners sentenced before the effective date of the legislation and those sentenced after) a suspect classification for Fourteenth Amendment purposes. Nor does this legislation affect a fundamental interest requiring application of the compelling state interest test. (*In re Stinnette* (1979) 94 Cal.App.3d 800, 805 [new sentencing scheme allowing inmates opportunity to shorten time served did not involve fundamental interest].)

The equal protection standard employed where there are no suspect classifications or classifications impinging upon fundamental interests is the rational basis test. This test invests the questioned legislation with a presumption of constitutionality and requires merely that the distinction drawn by a challenged statute bears some rational relationship to a conceivable legitimate state purpose. (*In re Stinnette, supra*, 94 Cal.App3d at p. 805, citing *Serrano v. Priest* (1971) 5 Cal.3d 584, 597; *McGinnis v. Royster* (1973) 410 U.S. 263, 270.)

The remaining question is whether the Legislature's decision to make the amendment prospective only is served by any rational state purpose. We have no difficulty in concluding it does. Prospective application serves the state interest in preserving the finality of sentencing proceedings that have already occurred. On the other hand, retroactive application would impose a significant burden on the administration of justice by, among other things, inviting a large population of prison inmates, who otherwise qualify, to petition the courts for resentencing under the new legislation. The Legislature's decision to limit application of these new provisions to a prospective time period serves rational state objectives.

## *DISPOSITION*

The judgment is affirmed.

4.