Filed 4/6/16  P. v. Evans CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C078674 |
| Plaintiff and Respondent, | (Super. Ct. No. TF14000399A) |
| v. | |
| SHAWN CHARLES EVANS, | |
| Defendant and Appellant. | |

Defendant Shawn Charles Evans pleaded no contest to unlawful driving or taking a vehicle (Veh. Code, § 10851)[1] on June 23, 2014.  On November 4, 2014, before defendant was sentenced, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act).  Pursuant to the Act, defendant moved to reclassify his conviction as misdemeanor petty theft.  (Pen. Code, § 490.2.)  On January 15, 2015, the trial court

---

[1] Further undesignated statutory references are to the Vehicle Code.

denied the motion and on February 24, 2015, sentenced defendant to an eight-month state prison term to be served consecutively to a two-year term in an unrelated case. Defendant timely appealed, but did not secure a certificate of probable cause.

On appeal, defendant contends the trial court erred in denying him relief under the Act. Because we agree with the trial court that defendant specifically admitted to driving the vehicle as part of his plea and did not admit to stealing it, we affirm.

## BACKGROUND

Defendant was charged with unlawful driving or taking of a vehicle (§ 10851, subd. (a) -- count I) and receiving a stolen vehicle (Pen. Code, § 496d, subd. (a) -- count II). On June 23, 2014, he entered an "open" no contest plea to count I in exchange for dismissal of count II.[2] There is no transcript of the plea colloquy in the record; however, defendant completed, initialed, and signed a six-page felony plea form. The plea form stated, as a factual basis for the plea, that "[defendant] was driving a stolen vehicle." The corresponding averment, initialed by defendant, reads: "I offer to the court the following as the basis for my plea of guilty or no contest and any admissions: [¶] (1) I understand that the court may consider the following as proof of the factual basis for my plea." Defendant's signed statement read in relevant part: "By putting my initials next to the items in this form, I am indicating that I understand and agree with what is stated in each item that I have initialed." Defense counsel's signed statement referred to "#9" when representing the factual basis for the plea to the court; "#9" is the section of the plea form containing the statement "[defendant] was driving a stolen vehicle."

---

[2] According to the probation report, on June 17, 2014, defendant was stopped for speeding. He had no license or registration for the vehicle, and claimed it was his "Auntie Katie's." Noticing that the car was running with no key in the ignition, the officer conducted a license plate check and found that the vehicle was stolen. Defendant and his passenger were taken into custody. While being transported to a hospital for medical clearance, defendant said, " 'The other guy stole the car and I shouldn't have gotten in. I was just stupid.' "

On December 10, 2014, defendant filed a motion to reclassify his section 10851 conviction as a violation of the Act's petty theft offense, Penal Code section 490.2. Attached to the motion were documents suggesting the car may be valued at less than $950, a requirement for reclassification under the relevant code sections.

The trial court held a hearing and, in a written ruling, found defendant's "conviction in this case is based on his admission to a factual basis of driving only, not theft. Consequently, because his conviction is not a theft offense, [defendant] would not be entitled to relief under [the Act], even if this court accepted his argument that [the Act] applied to violations of [s]ection 10851."

## DISCUSSION

Section 10851, subdivision (a) states in relevant part that: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle . . . shall be punished."

"A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' [Citations.]" (*People v. Garza* (2005) 35 Cal.4th 866, 876.) The taking and driving provisions of section 10851 constitute separate and distinct offenses. (See *Garza,* at p. 876; *People v. Jaramillo* (1976) 16 Cal.3d 752, 759, fn. 6.) Therefore, "[a] person who violates section 10851(a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property. [Citations.]" (*Garza*, at p. 876.) However, since the unlawful driving of a vehicle under section 10851 is not a theft offense, (see *id.* at p. 880) it does not prevent a conviction for receiving stolen property as to the same vehicle. (*Id.* at pp. 880-881.)

As relevant to this case, the Act added Penal Code section 490.2, which states in pertinent part that "obtaining any property by theft where the value of the . . . property taken does not exceed [$950] shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Defendant contends the trial court erred in denying his petition. He makes a number of arguments, including: (1) "taking" under section 10851 is encompassed by "theft" under Penal Code section 490.2; (2) the prosecution had the burden of proving the vehicle's value was greater than $950 and the evidence is to the contrary; and (3) equal protection requires that defendant qualify for misdemeanor sentencing.

We recently addressed and rejected the claim that a defendant may move to reduce a section 10851 conviction to a misdemeanor under the Act. (*People v. Haywood* (2015) 243 Cal.App.4th 515, 522-523, review granted March 9, 2016; S232250.) However, we need not again reach this broad claim in the instant case. For reasons we explain, we need not address any of defendant's arguments to resolve his specific claim of error.

As we have described, defendant admitted as the factual basis to his plea that his violation of section 10851 was based on his *driving* the stolen car. He did not mention theft, nor did he admit to stealing the car. But he did admit to driving it. This admission is dispositive of his petition under the Act.

Defendant barely addresses the trial court's ruling in his opening brief, arguing only that his agreed-upon factual basis "does not amount to a concession that he was not also in the process of taking the vehicle." In his reply brief, he argues again that driving can be "part and parcel" of taking the car, and muses that perhaps "this driving occurred during a contemporaneous taking." However, as we have explained, driving and theft are distinct components of a section 10851 offense. Perhaps here both the theft of the car and driving it occurred at defendant's hand. However, defendant *admitted* only the driving in his factual basis; he did not admit theft. Driving a stolen car is not a crime

4

subject to reduction under the Act even assuming (for the sake of argument) that the car's theft is.

Defendant argues that the factual basis was "non-admitted" and that "the factual basis merely acknowledged that the court could consider a single sentence." However, as we have explained, defendant initialed all relevant portions of the plea form and concluded with his signature that: "By putting my initials next to the items in this form, I am indicating that I understand and agree with what is stated in each item that I have initialed." Together with his attorney, he provided the factual basis for the plea, and he alone initialed that provision and then signed his own "agreement" with the initialed terms of the plea form. He cannot now credibly claim that the factual basis was "non-admitted."

The section 10851 offense to which defendant admitted was not a theft offense, let alone *solely* a theft offense, as described by Penal Code section 490.2. We see no error.[3]

---

[3] To the limited extent that defendant's equal protection argument may be construed to apply to section 10851 and its various components, the claim fails. An equal protection violation is premised on the unequal treatment of similarly situated groups. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on another ground in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888.) Since the unlawful taking and driving of a vehicle are two distinct criminal acts, persons convicted of unlawfully driving and those convicted of unlawfully taking are not similarly situated. Also, it has long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851[(a)] of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.) The potentially different treatment of distinct types of criminal acts in this context does not implicate equal protection concerns.

5

## DISPOSITION

The judgment is affirmed.

_____/s/_____

Duarte, J.

We concur:

_____/s/_____

Hull, Acting P. J.

_____/s/_____

Butz, J.