Filed 10/23/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062760 |
| v. | (Super.Ct.No. FVI1201369) |
| TIMOTHY WAYNE PAGE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Lorenzo R. Balderrama and Michael A. Smith, Judges.[1] Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

---

[1] Judge Balderrama conducted defendant's plea hearing on June 8, 2012,{RT 14-15}; Judge Smith heard defendant's resentencing petition on December 26, 2014.{RT 25; CT 39}

1

Defendant Timothy Wayne Page pleaded guilty to several charges, including one count of unlawfully taking a vehicle in violation of Vehicle Code section 10851, subdivision (a).{CT 5-7, RT 14-15} Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (Pen. Code, § 1170.18.) In this appeal, defendant challenges the denial of his petition for resentencing pursuant to Proposition 47 with respect to his Vehicle Code section 10851 conviction. He contends that the trial court erred by determining that he was not eligible for relief.{AOB 4} We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On June 8, 2012, defendant pleaded guilty to three counts, including the unlawful taking of a vehicle (Veh. Code, § 10851, subd.(a)), evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)), and resisting an executive officer (Pen. Code, § 69)).{CT 5-7, RT 14-15} He also admitted one prior strike conviction and two prison priors.{CT 5-7, RT 14-15} Pursuant to the plea agreement, he received a sentence of 10 years eight months.{CT 5, RT 23-24}

On November 19, 2014, defendant filed in propria persona a petition for resentencing pursuant to Proposition 47.{CT 35-36} The trial court summarily denied the request on December 26, 2014.{CT 39; RT 25}

## II. DISCUSSION

### A.  Background Regarding Proposition 47.

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision:  [Penal Code] section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092.)

As relevant to the present case, Proposition 47 added Penal Code section 490.2, which provides as follows:  "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (Pen. Code, § 490.2, subd. (a).)  Section 490.2 is explicitly listed in Penal Code section 1170.18 as one of "those sections [that] have been amended or added" by Proposition 47.  (Pen. Code, § 1170.18, subd. (a).)

3

**B. Analysis.**

Penal Code section 1170.18 does not identify Vehicle Code section 10851, the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. (Pen. Code, § 1170.18.) Vehicle Code section 10851 is, however, a lesser included offense to Penal Code section 487, subdivision (d)(1), grand theft, auto. (*People v. Barrick* (1982) 33 Cal.3d 115, 128.) Defendant argues that Penal Code section 1170.18 explicitly applies to violations of Penal Code section 487, through the introductory clause of Penal Code section 490.2, so "logically" it must apply to lesser included offenses of Penal Code section 487, including Vehicle Code section 10851.{AOB 8} We disagree.

As noted, Penal Code section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that were amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) We cannot say that defendant would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense. Vehicle Code section 10851 is a "wobbler" offense, punishable either as a felony or misdemeanor. (Veh. Code, § 10851, subd. (a); see *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code § 10851, subd. (a) as a statute that provides for "alternative felony or misdemeanor punishment"].) Proposition 47 left intact the language in Vehicle Code section 10851, subdivision (a), which makes a violation of that statute punishable as

4

either a felony or a misdemeanor. Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant could be convicted for a felony violation of Vehicle Code section 10851.

In arguing otherwise, defendant focuses on the circumstance that, with Proposition 47's addition of Penal Code section 490.2, the theft of an automobile valued $950 or less is no longer grand theft, but instead petty theft, unless the offense was committed by certain ineligible defendants. (Pen. Code, §§ 490.2, subd. (a), 487, subd. (d)(1).) Thus, a defendant who could demonstrate that his or her conviction for a violation of section 487, subdivision (d)(1), was based on theft of an automobile valued $950 or less may be eligible to apply for relief under Proposition 47 and Penal Code section 1170.18. (Pen. Code, § 1170.18, subd. (a).) The gravamen of defendant's arguments on appeal is that a defendant convicted of a lesser included offense of section 487 should be entitled to similar relief.

The plain language of Penal Code section 1170.18, however, is incompatible with defendant's proposed interpretation. Penal Code section 1170.18, subdivision (a) provides a mechanism for an offender to request to be resentenced "in accordance with" certain enumerated sections that were amended or added by Proposition 47, and which provide for different, lesser punishment than applied before the enactment of Proposition 47. (Pen. Code, § 1170.18, subd. (a).) As noted, the statutory language setting the punishment for violations of Vehicle Code section 10851 remains the same, before and after Proposition 47, and is not included among the enumerated sections amended or

added by Proposition 47. (Veh. Code, § 10851, subd. (a); see Pen. Code, § 1170.18, subd. (a).) Defendant therefore could not be resentenced in accordance with any of the sections added or explicitly amended by Proposition 47. Put another way: Exactly the same sentencing considerations apply to defendant's conviction offense before and after Proposition 47, so there is no basis for reconsidering or reducing the sentence that was initially imposed.

Defendant contends that Vehicle Code section 10851 was "indirectly amended" by virtue of Penal Code section 490.2's reference to Penal Code section 487, and the circumstance that Vehicle Code section 10851 is a lesser included offense of Penal Code section 487, subdivision (d)(1).{AOB 10} On its face, however, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a); see also *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) "'proscribes a wide range of conduct,'" and may be violated "'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily

deprive its owner of possession (i.e., joyriding)'"].)  Penal Code section 490.2 is simply

inapplicable to defendant's conviction offense.[2]

Defendant contends that equal protection principles require that his conviction for

unlawfully taking a vehicle in violation of Vehicle Code section 10851 be treated in the

same manner as a conviction for grand theft auto in violation of Penal Code section 487,

subdivision (d)(1).{AOB 11-17}  Not so.  Applying rational basis scrutiny, the California

Supreme Court has held that "neither the existence of two identical criminal statutes

prescribing different levels of punishments, nor the exercise of a prosecutor's discretion

in charging under one such statute and not the other, violates equal protection principles."

(*People v. Wilkinson* (2004) 33 Cal.4th 821, 838)  Similarly, it has long been the case that

"a car thief may not complain because he may have been subjected to imprisonment for

more than 10 years for grand theft of an automobile [citations] when, under the same

facts, he might have been subjected to no more than 5 years under the provisions of

section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.)  The

same reasoning applies to Proposition 47's provision for the possibility of sentence

---

[2] Even if we were to assume that Penal Code section 490.2 applied as defendant
would have it—to reduce some Vehicle Code section 10851 convictions that would
otherwise be felonies to misdemeanors, at least where the facts underlying the conviction
involve theft (as opposed to merely joyriding) of a vehicle valued $950 or less—it does
not appear that defendant would be entitled to relief.  Defendant's guilty plea shows only
that he unlawfully took or drove a vehicle; nothing in the record establishes the value of
the vehicle to be $950 or less.{CT 1, 5-7}  The burden of proof lies with defendant to
show the facts demonstrating his eligibility for relief, including that the value of the
stolen vehicle did not exceed $950.  (*People v. Sherow* (2015) 239 Cal.App.4th 875,
877.)  Defendant did not attempt to meet that burden in his petition, providing no
information at all regarding his eligibility for resentencing in his petition.{CT 35-36}

7

reduction for a limited subset of those previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not those convicted of unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851. Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation." (*Wilkinson*, *supra*, 33 Cal.4th at p. 839.) Defendant here has made no such showing.

To be sure, "Vehicle Code section 10851 is not classified as a 'serious felony,' and it is not as serious as crimes in which violence is inflicted or threatened against a person." (*People v. Gaston* (1999) 74 Cal.App.4th 310, 321.) It is not unreasonable to argue, as defendant has, that the same policy reasons motivating Proposition 47's reduction in punishment for certain felony or wobbler offenses would also apply equally well to Vehicle Code section 10851.[3]{AOB 9-10} Nevertheless, if Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any lesser included offenses, we would expect some indication of that intent in the statutory language. We find nothing of the sort. It is simply not our role to interpose additional

---

[3] That said, we find nothing absurd or irrational about the legislative determination that theft of certain automobiles of very low value should be treated as petty theft, and thus potentially a misdemeanor, while retaining the statutory option of punishing the unlawful taking or driving of an automobile, regardless of intent to steal, as a felony violation of Vehicle Code section 10851. (See *Wilkinson*, *supra*, 33 Cal.4th at pp. 838-839 [finding rational basis for statutory scheme allowing the "'lesser'" offense of battery without injury to be punished more severely than the "'greater'" offense of battery with injury].)

8

changes to the Penal Code or Vehicle Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

## III. DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
       J.

KING
       J.