Filed 5/6/16  P. v. Randolph CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063679 |
| v. | (Super.Ct.No. FVI07343) |
| RAYMOND LEROY RANDOLPH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Morton, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Scott C. Taylor and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Raymond Leroy Randolph appeals from the denial of his petition under Proposition 47 and Penal Code section 1170.18 to reduce his conviction of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) to misdemeanor petty theft (Pen. Code, § 490.2). Defendant contends that (1) Vehicle Code section 10851 offenses fall within the ambit of Proposition 47; (2) equal protection principles require treating a Vehicle Code section 10851 conviction the same as grand theft auto under Penal Code section 487, subdivision (d)(1); (3) ascertainment of the value of property is limited to the record of conviction; (4) the prosecution bears the burden of proving that the value of personal property taken exceeded $950; and (5) the valuation of the loss for a temporary taking of an automobile should be measured by the amount of compensation to make the victim whole rather than the market value of the vehicle.[1] We affirm.

FACTS AND PROCEDURAL BACKGROUND

On January 2, 1998, defendant was charged with unlawful driving or taking of a vehicle, a 1968 Honda Trail 50. (Veh. Code, § 10851, subd. (a).) Defendant entered a plea of guilty to the charge. Defendant was sentenced to felony probation on the condition he serve 120 days in county jail.

---

[1] This court has reviewed defendant's request for judicial notice filed February 8, 2016, and the People's opposition filed February 22, 2016. The People's opposition correctly notes that there is no indication the police report was ever presented to the trial court and, therefore, the request for judicial notice is denied.

On April 22, 2015, defendant filed a petition for resentencing under Penal Code section 1170.18. The trial court denied the petition on the ground that a violation of Vehicle Code section 10851 does not qualify for such relief.

## DISCUSSION

*Applicability of Proposition 47 to Vehicle Code Section 10851 Offenses*

Penal Code section 1170.l8, subdivision (a), lists the offenses for which relief may be appropriate. Vehicle Code section 10851 is not one of the listed offenses. Defendant nonetheless contends that because Vehicle Code section 10851 is a theft offense, and Penal Code section 1170.18 explicitly applies to theft offenses through Penal Code section 490.2 when the value of the property taken is less than $950, Penal Code section 1170.18 must also apply to violations of Vehicle Code section 10851. That issue is presently before the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

The gravamen of defendant's argument is that Vehicle Code section 10851 was indirectly amended by virtue of Penal Code section 490.2's reference to Penal Code section 487, and the circumstance that Vehicle Code section 10851 is a lesser included offense of Penal Code section 487, subdivision (d)(1). On its face, however, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle "with or without intent to steal."

(Veh. Code, § 10851, subd. (a); see also *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) "'proscribes a wide range of conduct,'" and may be violated "'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)'"].)  Thus, we conclude Penal Code section 490.2 is simply inapplicable to defendant's conviction offense.

   *Equal Protection*

   Defendant next contends that equal protection principles require that his conviction for unlawfully taking a vehicle in violation of Vehicle Code section 10851 be treated in the same manner as a conviction for grand theft auto in violation of Penal Code section 487, subdivision (d)(1).  Not so.  Applying rational basis scrutiny, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)  Similarly, it has long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.)  The same reasoning applies to Proposition 47's provision for the possibility of sentence reduction for a limited subset of those previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not those

4

convicted of unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851. Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation." (*Wilkinson*, at p. 839.) Defendant here has made no such showing.

To be sure, "Vehicle Code section 10851 is not classified as a 'serious felony,' and it is not as serious as crimes in which violence is inflicted or threatened against a person." (*People v. Gaston* (1999) 74 Cal.App.4th 310, 321.) It is not unreasonable to argue, as defendant has, that the same policy reasons motivating Proposition 47's reduction in punishment for certain felony or wobbler offenses would also apply equally well to Vehicle Code section 10851. Nevertheless, if Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any lesser included offenses, we would expect some indication of that intent in the statutory language. We find nothing of the sort. It is simply not our role to interpose additional changes to the Penal Code or Vehicle Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

Defendant's other contentions of error are moot.

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                                                              J.

I concur:


RAMIREZ _____
                    P. J.


6

MILLER, J., Dissenting and Concurring.

I respectfully dissent to that part of the majority opinion finding that Proposition 47 does not apply to all convictions under Vehicle Code section 10851. However, I concur in the result that defendant's petition to recall his sentence (Petition) was properly denied by the trial court. This decision is based on the ground that defendant failed to meet his burden of showing he was entitled to relief.

Proposition 47 added Penal Code section 1170.18. Subdivision (a) of section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (§ 1170.18, subd. (b).)

1

Section 490.2 was added to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, in *People v. Garza* (2005) 35 Cal.4th 866 (*Garza*), the California Supreme Court "observed that [Vehicle Code] section 10851(a) 'prescribes a wide range of conduct.'" (*Id.* at p. 876.) In determining whether the defendant could be convicted of both a violation of Vehicle Code section 10851 and Penal Code section 496, subdivision (a), receiving the same stolen vehicle, the court noted, "[T]he crucial issue usually will be whether the [Vehicle Code] section 10851(a) conviction is for a theft or a nontheft offense. If the conviction is for the taking of the vehicle, with the intent to permanently deprive the owner of possession, then it is a theft conviction that bars a conviction of the same person under [Penal Code] section 496(a) for receiving the same vehicle as stolen property. Dual convictions are permissible, however, if the section 10851(a) conviction is for posttheft driving of the vehicle." (*Garza*, at p. 881.)

Based on this language, some violations of Vehicle Code section 10851 constitute theft offenses. Assuming that a defendant takes a vehicle with the intent to permanently deprive the owner of the vehicle and it is valued under $950, such violation should constitute a violation of Penal Code section 490.2, petty theft. I disagree with the majority's conclusion that all violations of Vehicle Code section 10851 do not qualify under Proposition 47.

This conclusion is supported by the analysis of the Legislative Analyst for Proposition 47. "Under current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction. However, such crimes can sometimes be charged as grand theft, which is generally a wobbler. For example, a wobbler charge can occur if the crime involves the theft of certain property (*such as cars*) or if the offender has previously committed certain theft-related crimes. This measure would limit when theft of property of $950 or less can be charged as grand theft. Specifically, such crimes would no longer be charged as grand theft solely because of the type of property involved or because the defendant had previously committed certain theft-related crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), p. 35, italics added.) Proposition 47 was intended to apply to those who steal cars that are valued under $950.

In the recent case of *People v. Solis* (2016) 245 Cal.App.4th 1099[1] (*Solis*), the appellate court addressed the same issue raised in this case. The appellate court acknowledged the different ways a person can violate Vehicle Code section 10851. It noted, "Because driving or taking a vehicle with the intent to deprive the owner of temporary possession is not theft, defendants convicted of this form of [Vehicle Code s]ection 10851 are ineligible for resentencing under Proposition 47. However, neither the grammatical structure of [Penal Code s]ection 490.2 nor the statutory definition of theft resolves the question of whether defendants convicted of [Vehicle Code s]ection 10851 under a theft theory are eligible for resentencing." (*Id*. at p. 1109.) However, it rejected that Vehicle Code section 10851 was intended to be included as a petty theft under Proposition 47 based on the rules of statutory interpretation that any construction of a statutory scheme should avoid rendering a word in the scheme surplusage. It found, "Proposition 47 amended Penal Code section 666, petty theft with prior, and reduced the maximum prison sentence from three years to one year. Eligible predicates include prior convictions for 'petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery,' and receiving stolen property. (Pen. Code, § 666, subd. (a).) To interpret Proposition 47 as a symmetrical, coherent scheme, in which operative words are used consistently throughout, we must accord 'petty theft' and 'grand theft' the same meaning in both section eight (adding [Pen. Code,] § 490.2) and section 10 (amending [Pen. Code,] § 666). [Citation.] The inclusion of 'auto theft under Section

---

[1] Petition for review pending, petition filed April 27, 2016, S234150.

4

10851 of the Vehicle Code[]' alongside 'grand theft' and 'petty theft' in [Penal Code] section 666 is therefore a significant indication that the voters did not consider [Vehicle Code s]ection 10851 a variety of petty theft. If the initiative drafters considered 'auto theft under Section 10851' a species of petty theft—a term they defined in section eight (adding [Pen. Code,] § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending [Pen. Code,] § 666)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1110.)

I do not agree that finding a violation of Vehicle Code section 10851 could be reduced to petty theft under Proposition 47 would render the reference to Vehicle Code section 10851 in Penal Code section 666 surplusage. It is reasonable to conclude—based on the language in *Garza* which establishes Vehicle Code section 10851 proscribes a wide range of conduct—the electorate included Vehicle Code section 10851 in Penal Code section 666 for those instances where it does not constitute grand or petit theft.

Moreover, I also reject the conclusion in *Solis* that "[i]f the electorate intended to reclassify some violations of [Vehicle Code s]ection 10851, it would not do so, without comment, via a general Penal Code provision defining petty theft. Therefore, to the extent [Vehicle Code s]ection 10851 may be violated in a way that brings it within Penal Code sections 484 and 490.2, we conclude the specific rule of [Vehicle Code s]ection 10851 is an exception to the general rule announced in [Penal Code s]ection 490.2, subdivision (a)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1112.) This ignores that the electorate directed Proposition 47 "shall be liberally construed to effectuate its purposes." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.) The language in

5

Penal Code section 490.2 broadly states that it applies to all provisions defining grand theft.

Despite finding that Proposition 47 applies to certain violations of Vehicle Code section 10851, I would find that defendant failed to meet his burden of establishing that his violation of Vehicle Code section 10851 constituted a theft offense. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) Defendant adduced absolutely no evidence that his violation of Vehicle Code section 10851 involved the intent to permanently deprive the owner of possession of the vehicle or the value of the vehicle. As discussed *ante*, this evidence was crucial to establishing that defendant was eligible for resentencing. As such, since defendant failed to meet his burden, the trial court could deny the Petition on this ground.

MILLER

J.

6